Dora V. Lane (SBN 8424)
S. Jordan Walsh (SBN 13481)
HOLLAND & HART LLP
9555 Hillwood Dr. 2nd Floor
Las Vegas, NV 89134
Phone: 702.222.2536
Fax: 775.786.6179
dlane@hollandhart.com
sjwalsh@hollandhart.com

*Attorneys for Defendant*
*Lincare Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| SALLY LENNON, an Individual;<br><br>Plaintiff,<br><br>v.<br><br>LINCARE INC., a Foreign Corporation; DOES 1 through 25, inclusive; and ROE CORPORATIONS 1 through 25, inclusive,<br><br>Defendants. | Case No. 2:23-cv-00105-RFB-BNW<br><br>**DEFENDANT LINCARE INC.'S ANSWER TO THE COMPLAINT** |

Defendant, LINCARE INC., a Foreign Corporation ("Lincare" or "Defendant"),[1] by and through its attorneys, Holland & Hart LLP, hereby answers the Complaint (the "Complaint") filed by Plaintiff, SALLY LENNON, an Individual ("Plaintiff" or "Ms. Lennon") on December 14, 2022, as follows:

**PARTIES**

1. Answering Paragraph 1 of the Complaint, Defendant states that it lacks knowledge of the allegations contained in Paragraph 1 of the Complaint, and on that basis denies the same.

2. Answering Paragraph 2 of the Complaint, Defendant admits the allegations contained therein.

---

[1] This Answer is made on behalf of Defendant Lincare Inc. only, even though Plaintiff's allegations appear to reference multiple defendants. Lincare denies that it is a proper defendant as it never employed Plaintiff. Founders Healthcare, L.L.C. dba Preferred Healthcare was Plaintiff's employer.

1

3. Answering Paragraph 3 of the Complaint, Defendant states that it lacks knowledge of the allegations contained in Paragraph 3 of the Complaint, and on that basis denies the same.

4. Answering Paragraph 4 of the Complaint, Defendant denies the allegations contained therein.

## VENUE AND JURISDICTION

5. Answering Paragraph 5 of the Complaint, Defendant admits that venue is proper in this Court, and denies all remaining allegations therein.

6. Answering Paragraph 6 of the Complaint, Defendant denies the allegations contained therein.

7. Answering Paragraph 7 of the Complaint, Defendant denies the allegations contained therein.

8. Answering Paragraph 8 of the Complaint, Defendant states that it lacks personal knowledge of the allegations contained in Paragraph 8 of the Complaint, and on that basis denies the same.

9. Answering Paragraph 9 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

10. Answering Paragraph 10 of the Complaint, Defendant states that it lacks knowledge of the allegations contained in Paragraph 10 of the Complaint, and on that basis denies the same.

## GENERAL ALLEGATIONS

11. Answering Paragraph 11 of the Complaint, Defendant denies the allegations contained therein.

12. Answering Paragraph 12 of the Complaint, Defendant denies the allegations contained therein.

13. Answering Paragraph 13 of the Complaint, Defendant denies the allegations contained therein.

14. Answering Paragraph 14 of the Complaint, Defendant denies the allegations contained therein.

15. Answering Paragraph 15 of the Complaint, Defendant denies the allegations contained therein.

16. Answering Paragraph 16 of the Complaint, Defendant denies the allegations contained therein.

17. Answering Paragraph 17 of the Complaint, Defendant denies the allegations contained therein.

18. Answering Paragraph 18 of the Complaint, Defendant denies the allegations contained therein.

19. Answering Paragraph 19 of the Complaint, Defendant denies the allegations contained therein.

20. Answering Paragraph 20 of the Complaint, Defendant denies the allegations contained therein.

21. Answering Paragraph 21 of the Complaint, Defendant denies the allegations contained therein.

22. Answering Paragraph 22 of the Complaint, Defendant states that it lacks personal knowledge of the allegations contained in Paragraph 22 of the Complaint, and on that basis denies the same.

23. Answering Paragraph 23 of the Complaint, Defendant admits that Plaintiff reported Mr. Chapman allegedly engaged in inappropriate conduct, but denies Plaintiff's remaining allegations.

24. Answering Paragraph 24 of the Complaint, Defendant admits a meeting took place with Ms. Amador, Mr. Jimenez, and Ms. Johnson and denies all remaining allegations contained therein.

25. Answering Paragraph 25 of the Complaint, Defendant denies all allegations contained therein.

26. Answering Paragraph 26 of the Complaint, Defendant denies all allegations contained therein.

27. Answering Paragraph 27 of the Complaint, Defendant admits that on or about April 28, 2021, Plaintiff received a Final Written Warning for committing six workplace infractions. However, Defendant denies that it employed Plaintiff or issued Plaintiff the Final Written Warning.

28. Answering Paragraph 28 of the Complaint, Defendant denies all allegations contained therein.

29. Answering Paragraph 29 of the Complaint, Defendant states that it lacks knowledge of the allegations contained in Paragraph 29 of the Complaint, and on that basis denies the same.

30. Answering Paragraph 30 of the Complaint, Defendant denies all allegations contained therein.

31. Answering Paragraph 31 of the Complaint, Defendant denies all allegations contained therein.

32. Answering Paragraph 32 of the Complaint, Defendant admits that on or about April 29, 2021, Ms. Amador and Ms. Johnson met with Plaintiff. Defendant denies all remaining allegations contained therein.

33. Answering Paragraph 33 of the Complaint, Defendant denies all allegations contained therein.

34. Answering Paragraph 34 of the Complaint, Defendant denies all allegations contained therein.

35. Answering Paragraph 35 of the Complaint, Defendant admits Plaintiff's employment was terminated on April 29, 2021, for insubordination and audio/video recording without the individuals' consent. However, Defendant denies that it employed Plaintiff and that it issued Plaintiff's termination.

36. Answering Paragraph 36 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

37. Answering Paragraph 37 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

## FIRST CLAIM FOR RELIEF

### (Gender Discrimination/Sexual Harassment Pursuant to NRS 613)

38. Defendant repeats its responses to Paragraphs 1 through 37 as if fully set forth herein.

39. Answering Paragraph 39 of the Complaint, Defendant denies all allegations contained therein.

40. Answering Paragraph 40 of the Complaint, Defendant denies all allegations contained therein.

41. Answering Paragraph 41 of the Complaint, Defendant denies all allegations contained therein.

42. Answering Paragraph 42 of the Complaint, Defendant denies all allegations contained therein.

43. Answering Paragraph 43 of the Complaint, Defendant denies the allegations contained in this paragraph.

44. Answering Paragraph 44 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

45. Answering Paragraph 45 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

46. Answering Paragraph 46 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

47. Answering Paragraph 47 of the Complaint, Defendant denies all allegations contained therein.

## SECOND CLAIM FOR RELIEF

### *(Negligent Hiring, Training, and Supervision)*

48. Defendant repeats its responses to Paragraphs 1 through 47 as if fully set forth herein.

49. Answering Paragraph 49 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

50. Answering Paragraph 50 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

51. Answering Paragraph 51 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

52. Answering Paragraph 52 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

53. Answering Paragraph 53 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

54. Answering Paragraph 54 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

55. Answering Paragraph 55 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

56. Answering Paragraph 56 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

57. Answering Paragraph 56 of the Complaint, Defendant denies all allegations contained therein.

### THIRD CLAIM FOR RELIEF

*(Intentional Infliction of Mental and Emotional Distress)*

58. Defendant repeats its responses to Paragraphs 1 through 57 as if fully set forth herein.

59. Answering Paragraph 59 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

60. Answering Paragraph 60 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

61. Answering Paragraph 61 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

62. Answering Paragraph 62 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

63. Answering Paragraph 63 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

64. Answering Paragraph 64 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

65. Answering Paragraph 65 of the Complaint, Defendant denies all allegations contained therein.

## FOURTH CLAIM FOR RELIEF

### (*Retaliation*)

66. Defendant repeats its responses to Paragraphs 1 through 65 as if fully set forth herein.

67. Answering Paragraph 67 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

68. Answering Paragraph 68 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

69. Answering Paragraph 69 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

70. Answering Paragraph 70 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

71. Answering Paragraph 71 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

72. Answering Paragraph 72 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

73. Answering Paragraph 73 of the Complaint, this paragraph states legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations contained in this paragraph.

74. Answering Paragraph 74 of the Complaint, Defendant denies all allegations contained therein.

**AFFIRMATIVE DEFENSES**

Without assuming the burden of proof except where required by law, and without waiver of its right to seek leave or stipulation to assert additional affirmative defenses, Defendant further asserts the following affirmative defenses.

1. No employer-employee relationship existed between Defendant and Plaintiff. Defendant never employed the Plaintiff in any capacity.

2. Plaintiff has waived her right to a jury trial.

3. This Court lacks subject-matter jurisdiction with respect to Defendant.

4. Plaintiff's Complaint and each cause of action asserted therein are barred by the affirmative defenses set forth at FRCP § 8(c) and any other applicable affirmative defense not specifically set forth herein.

5. Plaintiff has failed to plead sufficient facts upon which relief can be granted.

6. Plaintiff has failed to plead with sufficient specificity to provide adequate notice to Defendant of Plaintiff's claims, and therefore Plaintiff's claims should be dismissed.

7. At all times referred to in Plaintiff's Complaint, Defendant exercised due care and good faith toward Plaintiff.

8. Plaintiff has failed to plead sufficient facts to justify an award of punitive damages.

9. Plaintiff has failed to state a claim for special damages with the requisite specificity.

10. Any and all actions taken by Defendant were just, fair, privileged, with good cause, in good faith, and without malice.

11. Without admitting any conduct whatsoever, the conduct alleged in Plaintiff's Complaint was privileged as conduct promoting a legitimate business purpose.

12. Defendant alleges that if the actions of its former or current employees are found to be wrongful in any way, then those actions cannot be attributed to Defendant, that Defendant is not liable under concepts of Respondeat Superior, nor is Defendant vicariously liable.

13. Defendant alleges that Plaintiff has suffered no damages as a result of any claim contained in the Complaint.

14. Without admitting that Plaintiff is entitled to any damages whatsoever, Defendant is entitled to set off for any compensation, including without limitation to, unemployment compensation, wages, salaries, and/or social security payments, received by Plaintiff.

15. Plaintiff has failed to mitigate Plaintiff's alleged damages.

16. Plaintiff's claims are barred by the doctrine of unclean hands.

17. Defendant exercised reasonable care to prevent and promptly correct any harassing, discriminatory, and/or retaliatory behavior and that the Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant.

18. Defendant instituted and enforced a proper and/or effective anti-discrimination policy and Plaintiff failed to timely complain.

19. Defendant alleges that assuming, arguendo, discrimination and/or retaliation occurred, Defendant did not know, nor should Defendant have known, of the alleged discrimination or retaliatory conduct.

20. Defendant alleges that assuming, arguendo, Plaintiff's gender were a motivating factor for any employment practice, Defendant would have taken the same action regardless of Plaintiff's gender.

21. Any actions taken concerning Plaintiff were taken for legitimate, nondiscriminatory, and non-retaliatory business reasons.

22. Plaintiff's recovery is limited and/or barred by after-acquired evidence.

23. Plaintiff's claims are barred by the economic loss doctrine.

24. Plaintiff is not entitled to punitive damages because the alleged misconduct would be contrary to Defendant's good faith efforts to comply with Title VII, 42 U.S.C. § 2000(e) et seq.

25. Plaintiff is not entitled to relief because Plaintiff failed to exhaust Plaintiff's administrative remedies.

26. Plaintiff is barred from bringing this action on grounds that workers' compensation laws provide the exclusive remedy for the alleged injuries and damages.

27. Defendant alleges that because the Complaint relies on conclusory and vague terms, Defendant cannot fully anticipate all affirmative defenses that may be applicable to this case. Accordingly, Defendant hereby reserves the right to assert additional affirmative defenses.

**PRAYER FOR RELIEF**

Defendant is not required to respond to Plaintiff's prayer. However, to the extent Plaintiff's prayer asserts allegations, Defendant denies each and every allegation in Plaintiff's prayer.

**WHEREFORE**, Defendant asks this Court:

1. For judgment decreeing that Plaintiff is entitled to recover nothing by way of the Complaint, and that the Complaint be dismissed with prejudice;

2. For an award of attorneys' fees and costs of suit incurred herein; and

3. For such other and further relief as the Court deems just and proper.

DATED this 9th day of February 2023.

HOLLAND & HART LLP

*/s/ Dora V. Lane*
Dora V. Lane (SBN 8424)
S. Jordan Walsh (SBN 13481)
9555 Hillwood Dr. 2nd Floor
Las Vegas, NV 89134
Phone: 702.222.2536
Fax: 775.786.6179
dlane@hollandhart.com
sjwalsh@hollandhart.com

*Attorneys for Defendant Lincare Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 9th day of February 2023, a true and correct copy of the foregoing **DEFENDANT LINCARE INC.'S ANSWER TO THE COMPLAINT** was served by the following method(s):

☒   Electronic: by submitting electronically for filing and/or service with the United States District Court, District of Nevada's e-filing system and served on counsel electronically in accordance with the E-service list to the following email addresses:

Patrick W. Kang, Esq.
Kyle R. Tatum, Esq.
Paul H. Wolfram, Esq.
Yoo Jin S. Cheong, Esq.
**KANG & ASSOCIATES, PLLC**
6420 Spring Mountain Road, Suite 16
Las Vegas, NV 89146
Email: pkang@acelawgroup.com
ktatum@acelawgroup.com
pwolfram@acelawgroup.com
filing@acelawgroup.com

*Attorneys for Plaintiff*

   /s/ Martha Hauser
An Employee of Holland & Hart LLP